IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JASON LEE TOWERS,                 *
    Plaintiff
                                                        *

v.                                                          CIVIL ACTION NO. DKC-11-883
                                                         *

WARDEN KATHLEEN GREEN, et al.
    Defendant                      *
                                                    ******

## **MEMORANDUM OPINION**

On April 5, 2011, the court received Plaintiff's civil rights complaint alleging that he is being improperly housed in a medium security facility. ECF No. 1. The complaint was not signed by Plaintiff. Additionally, he neither paid the civil filing fee nor moved for leave to proceed in forma pauperis. Plaintiff was given an opportunity to cure these deficiencies and to further supplement his complaint concerning how the named Defendants violated his rights with regard to his classification. ECF No. 2. The court is now in receipt of Plaintiff's supplemental complaint and Motion for Leave to Proceed in Forma Pauperis. ECF Nos. 3 & 4. The motion shall be granted.

Plaintiff states that he saw his classification counselor the second week of February, 2011 and was told that he was classified to minimum security and did not belong in a medium security institution. Plaintiff was told that the counselor would advise the Warden to place Plaintiff's name on the transfer list. Plaintiff was later advised he would have to stay at the medium security institution for another year until his next classification. Plaintiff states that he could be in danger because of his security level and that his placement prevents him from "progress on my sentence." ECF No. 3.

Because it is well established that prisoners do not have a constitutional right to access

1

programs or to demand to be housed in one prison verses another absent a showing of significant hardship, Plaintiff's complaint regarding his current placement must be dismissed. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976), s*ee also Sandin v. Conner*, 515 U.S. 472 (1995), requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest.

The complaint shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995). Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under F.R.Civ.P. 12(b)(6).

A separate Order follows.

  June 7, 2011  /s/
 Date  DEBORAH K. CHASANOW
 United States District Judge